UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANETTE SEXTON, on behalf of
herself and those similarly situated

       Plaintiff,

v.                                    Case No:  2:15-cv-360-FtM-29CM

RALPH S. MACRO,

       Defendant.

---

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 25) filed on April 29, 2016. The parties provided copies of the Settlement Agreements for the Court's review. Doc. 25-1.   The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.   **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payment of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff was employed by Defendant as a sales clerk.   Doc. 1 at 3.   Plaintiff claimed that she was not paid overtime in accordance with the FLSA. *Id.* at 3.   Plaintiff Danette Sexton, on behalf of herself and all others similarly situated,[2] brought this action to recover unpaid back wages, an additional equal

---

[2] No other individuals have filed consents to join this lawsuit.

amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs. *Id.* at 1. In her answers to the Court's interrogatories, Plaintiff claimed $7,350.00 in unpaid overtime compensation due and an equal amount in liquidated damages. Doc. 11-1 at 1. In his response, Defendant denies all liability and has asserted several affirmative defenses. Doc. 9. Furthermore, Defendant maintains that Plaintiff has been compensated fully for any and all hours Plaintiff worked at Defendant's business. Doc. 25 at 1. The parties have participated in settlement negotiations and a formal mediation, and have reached a settlement agreement. Doc. 25 at 2. As a reasonable compromise of disputed issues, Defendant has agreed to pay Plaintiff $7,000.00 representing wages, liquidated damages, and consideration for a general release. Doc. 25-1 at 2-3. Specifically, the parties have agreed that Defendant will pay Plaintiff $3,000.00 for alleged unpaid wages, 3,000.00 for liquidated damages, and $1,000.00 as consideration for a mutual general release. *Id.*

Plaintiff is represented by independent counsel with experience in labor and employment law and Defendant also has been represented by experienced counsel. Doc. 25 at 5. The parties represent that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses. *Id.* at 4. According to the parties, "[a]fter exchanging information and records from Plaintiff's employment during full discovery, engaging in settlement negotiations which lasted over several months, and in order to avoid the uncertainties of and costs of dispositive motions and trial, a compromise has been

agreed upon with Plaintiff receiving a recovery acceptable to her." *Id.*   The parties submit that the proposed agreements are fair and reasonable given the uncertainties of litigation and the possibility that Plaintiff may have recovered significantly less if Defendants succeeded in their defenses.   *Id.* at 4, 5.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation.   *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, Defendant further agrees to pay Plaintiff $7,000.00 for attorney's fees and costs.   Doc. 25-1 at 2-3.   The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of the Plaintiff's recovery.   Doc. 25 at 5. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiff. Thus, having reviewed the settlement agreement (Doc. 25-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The Court notes that the settlement agreement contains a no re-hire provision. Doc. 25-1 at 6. "[W]here a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair." *Cruz v. Winter Garden Realty, LLC,* No. 6:12-CV-1098-ORL-22, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013). Here, the agreement states that "Plaintiff further agrees not to enter Defendant's property nor apply for employment with Defendant nor to attempt to contract work with Defendant or any parents, subsidiaries or related entities for a period of ten (10) years following execution of this Agreement." Doc. 25-1 at 6. The Court finds that the inclusion of this particular provision does not render the agreement unfair.

The Court also notes that the parties have included in the settlement agreement mutual general releases of claims. Doc. 25-1 at 3. In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA

settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).   Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation or other consideration that is separate and apart from the benefits to which the plaintiff is entitled under the FLSA.   *See e.g., Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (approving a settlement agreement that contained a general release and non-disparagement agreement because they were exchanged by a separate payment in addition to the sum the employee would receive from the FLSA settlement); *Bustin v. Square Foot Management Company, LLC*, 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was exchanged by a mutual general release and a neutral reference by employer).   In this case, in exchange for Plaintiff's general release of claims, Defendant is paying Plaintiff $1,000.00 and also is providing her with a reciprocal general release.   Doc. 25-1 at 3. The Court finds that the general releases were supported by independent consideration. Under these circumstances, therefore, the Court finds that the settlement agreements are fair and reasonable.

Additionally, the Court notes that parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement.   Doc. 25 at 2.   This

Court previously has not been inclined to retain jurisdiction absent a requirement in the settlement agreement or an articulation of independent jurisdiction.   *See King v. Wells Fargo Home Mortgage*, 2009 WL 2370640 (M.D. Fla. 2009).   Here, the parties' settlement agreement does not require that the court retain jurisdiction and the parties have not articulated any basis for independent jurisdiction.   Thus, this request should be denied.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.      Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 25) be **GRANTED** and the Settlement Agreement (Doc. 25-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2.      The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 10th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable John E. Steele
Counsel of record